IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 7:13-CV-00183 |
| v. | ) ) | COMPLAINT |
| | ) ) | JURY TRIAL DEMAND |
| HOUSE OF RAEFORD, FARMS, INC., | ) ) | |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Erica Sutton, ("Sutton"), who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that House of Raeford Farms, Inc. ("Defendant") failed to provide Sutton with a reasonable accommodation and subsequently terminated her from her position because of her disability, in violation of the ADA. In addition, the Commission alleges that Defendant failed to keep information concerning Sutton's disability confidential, in violation of the ADA.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of

the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant House of Raeford Farms, Inc., a North Carolina corporation, has continuously been doing business in the State of North Carolina and the City of Rose Hill, and has continuously had at least 15 employees.

5. At all relevant times, Defendant House of Raeford Farms, Inc. has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant House of Raeford Farms, Inc. has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Sutton filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. In or around May, 2011, Defendant has engaged in unlawful employment practices at its Rose Hill facility in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a), (b), and (d) when it failed to provide Sutton with a reasonable accommodation, terminated her from her position because of her disability and failed to keep Sutton's medical information confidential.

9. Sutton was employed at Defendant's Rose Hill facility in the Box Room – Leg Quarter department beginning on or about July 19, 2010. In that position, Sutton worked on third shift constructing boxes which were sent to the processing floor for packing.

10. At all relevant times, Sutton was qualified to perform the essential functions of her position. Sutton performed successfully in her position. Prior to her discharge, Sutton had been performing the job successfully for almost two years.

11. Sutton has a disability. Sutton suffers from anemia. Anemia is a physical impairment that substantially limits the functioning of the circulatory system.

12. On or about May 24, 2011, the employees on Defendant's third shift box line, including Sutton, were informed by their supervisor that the line was being eliminated and the employees were being reassigned to the debone department immediately. All of the employees, including Sutton, worked in the debone department during the shift which began on or about May 24, 2011 and ended on or about May 25, 2011. The debone department is a cold working environment.

13. Prior to the start of her shift on the evening of May 25, 2011, Sutton informed her supervisor that she was anemic, could not work in cold environments, and asked to be moved to warmer department. Sutton's supervisor told her that she would let Sutton know if she could transfer.

14. On May 25, 2011, Sutton attended a meeting with the box line employees. During the meeting, Sutton's supervisor announced that all employees were being assigned to the debone department immediately "except for Erica [Sutton] because Erica is anemic." Sutton was told to report to the day pack line which is a warmer environment than the debone department.

15. Sutton reported to and worked on the day pack line for a short while until she was called to the nurse's station. Defendant's nurse questioned Sutton about her condition and told Sutton that Defendant needed a note from Sutton's doctor stating that she had been diagnosed with anemia. Sutton was sent home from work until she could bring Defendant a doctor's note.

16. The next day, on or around May 26, 2011, Sutton attempted to make an appointment with her doctor but was unable to be seen until June 21, 2011. However, Sutton went to the Rose Hill facility and provided Defendant with a 2009 form showing blood work results which indicated that Sutton suffered from anemia. Defendant's nurse rejected the form because of its age. Sutton was told that she needed to present a more recent note.

17. In response, Sutton explained that she could not get an updated note until her appointment on June 21, 2011. Defendant's nurse told Sutton that she could not return to work until she got the note from her doctor at the appointment on June 21, 2011. The nurse also told Sutton to call into work nightly to report that she was not going to be at work. The following three days that Sutton was scheduled to work she called into work to report that she would not be at work.

18. On or about June 1, 2011, Defendant discharged Sutton (effective May 26, 2011) after refusing Sutton's request to work in a warmer department because of her disability, and after refusing Sutton's request to be allowed until around June 21, 2011 to provide a doctor's note substantiating her disability. Accordingly, Defendant failed to provide Sutton with a reasonable accommodation and discharged her because of her disability, anemia. Defendant also disclosed Sutton's confidential medical information in violation of the ADA.

19. The effect of the practices complained of above has been to deprive Sutton of equal employment opportunities and otherwise adversely affect her employment status because of her disability.

20. The unlawful employment practices complained of above were intentional.

21. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Sutton.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with Defendant, from discriminating against individuals because their disabilities, including discrimination in hiring, firing, and any other employment practice which discriminates on the basis of disability.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with Defendant, from disclosing confidential medical information about employees.

5

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Sutton whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

E. Order Defendant to make Sutton whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make Sutton whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

G. Order Defendant to pay Sutton punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 29th day of August, 2013.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, DC 20507


/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

/s/ Zoë G. Mahood
ZOË G. MAHOOD
NC Bar No. 21722
Senior Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
Phone: (919) 856-4180
Fax: (919) 856-4156
zoe.mahood@eeoc.gov

ATTORNEYS FOR PLAINTIFF

7