IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:13-CV-00183

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>HOUSE OF RAEFORD FARMS, INC.,<br><br>   Defendant. | **CONSENT DECREE** |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. Section 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant House of Raeford Farms, Inc. failed to provide Erica Sutton with a reasonable accommodation, terminated her from her position because of her disability, and failed to keep Sutton's medical information confidential. The Commission and the Defendant, House of Raeford Farms, Inc. (the "Defendant"), hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

Defendant denies each and every claim made by the Commission in this lawsuit. This

Decree shall not be construed as an admission by Defendant of any liability. Likewise, the Commission does not disavow the allegations contained in its Complaint. The Commission's entry into this Consent Decree does not in any way imply or suggest that Defendant was in compliance with the law as alleged in this action.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of disability within the meaning of the ADA, including failing to provide employees with reasonable accommodations absent undue hardship, discharging employees because of their disability, and failing to keep employee's medical information confidential.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Erica Sutton the sum of Fifty-Two Thousand, Seventy-Three Dollars and Fifty-Four Cents ($52,073.54) in settlement of the claims raised in this action. Defendant shall make payment by issuing two checks payable to Erica Sutton. One check will

2

be in the amount of Thirty-Two Thousand, Seventy Three Dollars and Fifty-Four Cents ($32,073.54), less applicable tax withholdings, and will be reported to the Internal Revenue Service on a W-2 Form. The second check will be in the amount of Twenty Thousand Dollars ($20,000.00), and will be reported to the Internal Revenue Service on a 1099 Form. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the checks to Erica Sutton at an address provided by the Commission. Within ten (10) days after the checks have been sent, Defendant shall send to the Commission, a copy of the checks and proof of their delivery to Erica Sutton. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Erica Sutton may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment-related records of Erica Sutton any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 846-2011-63830 and the related events that occurred thereafter, including this litigation. In addition, within ten (10) days of the entry of this decree by the Court, Defendants shall eliminate all references to Sutton's termination from its personnel records. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Defendant shall provide Erica Sutton with a neutral letter of reference using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Erica Sutton at an address provided by the Commission. Erica Sutton is free to disseminate the letter to potential

3

employers. Defendant agrees that if it receives any inquiry about Erica Sutton from a potential employer, it will provide only the information set forth in the letter of reference in response.

6. Within one hundred eighty (180) days of the entry of this Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including the ADA, the requirement that employers provide employees or applicants with a reasonable accommodation unless such accommodation would constitute an undue hardship, the ADA's prohibition against disability discrimination and the ADA's prohibition on disclosure of confidential medical information; procedures for reporting discrimination; protection of the confidentiality of discrimination complaints; a procedure for the thorough and immediate investigation of employee complaints of discrimination; and an assurance that Defendant will not retaliate or take action against a person who makes a complaint of discrimination. Defendant shall distribute to each current employee at Defendant's Rose Hill facility a copy of the policy within the aforementioned one hundred eighty-day (180) day time period. Within one hundred ninety (190) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees at its Rose Hill facility and review it with them at the time of hire.

7. During the term of this Decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, at its Rose Hill facility in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within one hundred ninety (190) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

4

8.  During the term of this Decree, Defendant shall provide an annual training program to all of its managers and supervisors at its Rose Hill facility. Each training program shall include an explanation of the requirements of the ADA and its prohibition against discrimination based on disability and disclosure of confidential medical information as well as its reasonable accommodation requirement absent undue hardship. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred eighty (180) days after entry of the Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of the Commission's receipt of the agenda. Within twenty (20) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9.  Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to employees at Defendant's Rose Hill, N.C. facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

5

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

   A. the identities of all applicants or employees at Defendant's Rose Hill facility who at any time during the reporting period requested an accommodation for a physical or mental impairment, including by way of identification each person's name, address, phone number, date of accommodation request, accommodation requested, whether the request was granted, and what, if any, accommodation was provided to the individual;

   B. for each individual identified in 10.A. above, who was not provided with an accommodation, provide a detailed explanation as to why the request was not granted and identify the individual(s) involved in the decision regarding the accommodation request;

   C. for each individual identified in 10.B. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) at any time since the individual's request for an accommodation; and

   D. for each individual whose employment status has changed as identified in 10.C. above, a detailed statement explaining why the individual's employment status has changed and the identity of all persons involved in the decision to change said employment status.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree. As part of such non-compliance review, the Commission may inspect Defendant's Rose Hill facility, interview employees and examine and copy documents.

12. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the

6

allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for two (2) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

SO ORDERED. This 16 day of June 2014.

JAMES C. DEVER III
Chief United States District Judge

7

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202


/s/ Zoe G. Mahood
ZOË G. MAHOOD
Senior Trial Attorney
434 Fayetteville Street, Suite 700
Raleigh, N.C. 27601
Phone: 919-856-4080
Fax: 919-856-4156
Email: Zoe.Mahood@eeoc.gov



HOUSE OF RAEFORD FARMS, INC., Defendant

/s/ Lori P. Jones
LORI P. JONES
N.C. Bar No. 32872
HENRY W. JONES, JR.
N.C. Bar No. 8343
JORDAN, PRICE, WALL, GRAY, JONES &CARLTON, PLLC
P.O. Box 10669

8

1951 Clark Avenue  
Raleigh, N.C. 27605  
Phone: (919) 828-2501  
Fax: (919) 831-4484  
ljones@jordanprice.com

EXHIBIT A

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Erica Sutton.

Ms. Sutton was employed by House of Raeford Farms, Inc. from July 9, 2010 through June 1, 2011. During her tenure with us, Ms. Sutton held the position of box maker. Her ending salary was $8.25 per hour.

We hope that this information about Ms. Sutton is helpful to you in considering her for employment.

Sincerely,


[Typed name of company president]
President, House of Raeford Farms, Inc.

EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION
# CIVIL ACTION NO. 7:13-CV-00183

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>) **NOTICE**<br>v. )<br>)<br>)<br>HOUSE OF RAEFORD, FARMS, INC., )<br>)<br>Defendant. )<br>) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and House of Raeford Farms, Inc. ("Defendant") in a case of discrimination based on disability. Specifically, the EEOC alleged that Defendant discriminated against a former employee in refusing to accommodate her physical impairment and discharging her because of her disability in violation of the Americans with Disabilities Act ("ADA"). As part of the settlement, Defendant agreed to take such action as set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. The Americans with Disabilities Act specifically prohibits disability discrimination.

3. Defendants will comply with such federal law in all respects. Furthermore, Defendants will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

> Equal Employment Opportunity Commission
> 1801 L Street, N.W.
> Washington, DC 20507
> TEL: 1-800-669-4000
> TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2016.